[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 20, 1995, the plaintiff brought this action in two counts;
First, alleging negligence and/or breach of contract which caused certain lawn areas of the plaintiff's property to "burn and later crabgrass and weeds appeared."
Second, in quantum meruit
This matter was tried to the court on November 22, 2000. At the close of evidence, the plaintiff withdrew the second count (quantum meruit) leaving only the action for damages due to alleged negligence and/or breach of contract.
The court finds the following facts: The plaintiff condominium association entered into lawn care contracts with the defendant during the years 1993, 1994, and 1995. Arthur Cyr is the president of the board of directors of the plaintiff association and has been so since 1990. Mr. Cyr is charged with the negotiation of all maintenance contracts and the supervision of all contractors and sub-contractors who work on the condominium property. Mr. Cyr has no specialized training in agronomy, soil science, or the lawn care field.
The contract entered into between the plaintiff and the defendant on February 13, 1995 specified a four step program for lawn care in 1995. The first step of this program was a preemergent weed chemical spraying which was undertaken on April 13, 1995. Cyr testified that despite this spraying, weeds including crabgrass and plantain emerged, and by August, 1995 were "out of control." Cyr estimated that in August, 1995 the total area of weeds was 50 percent of the lawn area. CT Page 14985-f
In a thirteen day period in August 1995, at the plaintiff's request, the defendant sprayed a post emergent weed herbicide, deconate, on the affected area on three different occasions. The last application of deconate was undertaken against the defendant's advice. The plaintiff introduced photographs taken after August 21, 1995 depicting the condition of the lawn. See exhibits 3A, 3B, 3C, and 3D. After the third spraying, the defendant quit the contract.
On or about September 11, 1995, the plaintiff hired Dan Quinlan Grounds Maintenance to dethatch and re-seed the lawns. Dan Quinlan performed this work over a three day period and submitted to the plaintiff a bill of $4,688.00. In addition, the plaintiff claims it expended $254.00 at Home Depot for necessary hoses, sprinklers and other equipment related to the re-mediation of the lawns. Further the plaintiff claims an unspecified amount spent for watering, undertaken after September 11, 1995.
 A.
Although the plaintiff claimed in closing argument that the complaint sounded in breach of contract, the plain language of the complaint reads as a negligence action.
For the plaintiff to succeed on his claim of negligence, the court must find that the defendant owed a duty to the plaintiff, that the defendant breached that duty, that the plaintiff suffered damages, and that the damage suffered was proximately caused by the defendant's breach.
In the instant case the duty owed by the defendant was to apply the pre-emergent weed treatment in a workmanlike manner. The plaintiff claims that the defendant breached this duty because the defendant did not eradicate all of the weeds on the property. The plaintiff, however, has failed to introduce any evidence that the defendant's actions fell below the standard of care within the lawn care industry. Thus, the plaintiff has failed to prove a breach of duty on the part of the defendant.
 B.
At oral argument, the plaintiff claimed that this action was brought as a contract action. Thus, the plaintiff bore the burden to prove that a contract existed, that the defendant breached its contract, that the plaintiff suffered damages, and that the damage suffered was proximately caused by the defendant's breach. CT Page 14985-g
At oral argument, the plaintiff claimed that the defendant breached its contract solely by its negligent application of the April 13, 1995 pre-emergent chemical spraying.
The only evidence presented in this regard is the non-expert testimony of Arthur Cyr that after the April 13, 1995 spraying, weeds remained. Since there were and are, within the four corners of the contract, no warrantees or guarantees as to the result of the pre-emergent spraying and since the plaintiff failed to introduce any testimony as to the industry standard in this regard, the plaintiff has failed to prove a breach of contract.
 C.
Even assuming the defendant negligently performed or, in the alternative, that the defendant breached the contract, the plaintiff has wholly failed to prove that any claimed damage to its property was the direct result of the defendant's actions. Thus the plaintiff has wholly failed to prove that the defendant's pre-emergent treatment, as oppose to a myriad of other possible environmental and/or soil conditions on the property, was the proximate cause of any damage to the lawn.
 D.
Finally, even if the plaintiff proved a breach of the contract, and/or negligence, and/or proximate cause, the plaintiff has failed to prove that the specific remedial action taken by it, in hiring Dan Quinlan, etc., was necessary to re-mediate the damage, if any, caused by the defendant.
For the foregoing reasons, therefore, judgment is entered for the defendant.
Swords, J. A Judge of the Superior Court